UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SCOTT BARBERA #618495,

                Plaintiff,                      Case No. 2:08-cv-35

v.                                        Honorable R. Allan Edgar

JERI-ANN SHERRY, et al.,

                Defendants.

_____/

**OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S**

**REPORT AND RECOMMENDATION**

        The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge on April 15, 2008. The Report and Recommendation was duly served on the parties. The Court received objections from the Plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

        In the report and recommendation, the Magistrate Judge noted that Plaintiff's complaint was properly dismissed because his denial of medical care claim was entirely conclusory. In his objections, Plaintiff for the first time specifically alleges that he suffered from a crushed and detached sacrum, as well as a break in two portions of his pelvis. Plaintiff had corrective surgery, but continues to suffer from pain in the area. In August of 2007, Plaintiff was scheduled to have an MRI, but prior to this date, he was sent to prison. Plaintiff arrived at the Chippewa Correctional Facility on October 1, 2007, and was seen by Defendant Hayes. On October 18, 2007, Defendant Hayes began to wean Plaintiff off his "oxycoten" medication, and within two weeks, Plaintiff was

completely off the medication.  Plaintiff was given a different pain medication, which is not as effective.  Plaintiff states that as a result of his change in medication, he is unable to walk without experiencing intense pain.

As noted by the Magistrate Judge in the report and recommendation, the Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment."  *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).  Where "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."  *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also*, *Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. Apr. 27, 2001); *Jones v. Martin*, No. 00-1522, 2001 WL 223859, at *1 (6th Cir. Feb. 28, 2001); *Williams v. Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at *1 (6th Cir. Jan. 29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at * 4 (6th Cir. July 2, 1997); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at * 2 (6th Cir. Apr. 4, 1997).  In this case, it is clear that Plaintiff merely disagrees with the decision to take him off oxycoten and place him on a different pain reliever.  Such a claim does not rise to the level of an Eighth Amendment violation.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court and plaintiff's action will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).  This is a dismissal described by 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611

(6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no

good-faith basis for an appeal.  Should plaintiff appeal this decision, the Court will assess the $255

appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is

barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is

barred, he will be required to pay the $455 appellate filing fee in one lump sum.  Accordingly, should

plaintiff seek to appeal this matter to the Sixth Circuit, the appeal would be frivolous and not taken

in good faith.


Dated:  _____6/30/08_____          _____*/s/ R. Allan Edgar*_____
                                         R. ALLAN EDGAR
                                         UNITED STATES DISTRICT JUDGE